IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JEFF CLINE, MATTHEW SIMMONS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b), <br><br> *Plaintiffs*, <br> v. <br><br> DC POWER TONG, LLC, DEREK LINGHOR, JONAS MCKENZIE, BOB HVINDEN, & MICHAEL SHANE KORNKVEN, <br><br> *Defendants*. | Civil Action No. 1:16-CV-301 <br><br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** |

### I.     PRELIMINARY STATEMENT

1.     Jeff Cline and Matthew Simmons (collectively, "Plaintiffs") bring this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 Class Members to recover overtime compensation from their former employers Derek Linghor, Jonas McKenzie, Bob Hvinden, Michael Shane Kornkven (collectively, "Individual Defendants"), and DC Power Tong, LLC (all collectively, "Defendants").

2.     Defendant DC Power Tong, LLC is an oil field service company that has provided casing services in oilfields throughout the United States including in North Dakota, Montana and Wyoming over the last three years. The Individual Defendants exert operational control over DC Power Tong's operations as managers and/or co-owners. Defendants employ non-exempt casing operators, relief casing operators, clean and drift operators, floor hands, casing hands, clean and drift hands, casers and other manual laborers ("Casing Employees") to help perform their casing services, but fails to provide them proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Defendants paid Plaintiffs Pipe-Laid Pay (defined

below) but failed to track or pay their Casing Employees for all hours worked, including those performed in excess of forty (overtime hours) at lawful overtime rates.

3. Plaintiffs file this collective and class action lawsuit pursuant to the FLSA; North Dakota Century Code 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01 et seq.)(collectively, "North Dakota Wage Law").

## II. PARTIES

4. Plaintiffs Jeff Cline and Matthew Simmons (collectively, "Plaintiffs") worked as a Casing Employees for Defendants out of in North Dakota during the two years prior to the filing of this complaint, and hereby consent to be plaintiffs in this action.

5. Plaintiffs bring this action individually and on behalf of those similarly situated ("FLSA Class Members") pursuant to the FLSA. The FLSA Class Members are Defendants' current and former Casing Employees who received pay based on unit or footage of pipe laid ("Pipe-Laid Pay") that have worked for Defendants in the United States within three years of this filing.

6. Plaintiffs also brings this action as a Rule 23 Class action on behalf of all Casing Employees who worked in or out of North Dakota who received Pipe-Laid Pay that have worked for Defendants in the two years prior to the filing of this Complaint ("Rule 23 Class Members"). At all relevant times, Plaintiffs and the Rule 23 Class Members were Defendant's "employees" within the meaning of North Dakota Wage Law.

7. Defendant DC Power Tong, LLC is a limited liability company with its principal place of business in North Dakota. Defendant may be served through its registered agent, Michael Kornkven, 1815 6th Avenue, E. Williston, ND 58801, or wherever he may be found.

8. Defendant Michael Shane Kornkven is an individual residing in this district that can be served at 516 24TH ST E, Williston, ND 58801, or wherever he may be found.

9. Defendant Derek Linghor is an individual residing in this district that can be served at 421 20th Street E, Williston, ND 58801, or wherever he may be found.

10. Defendant Jonas McKenzie is an individual residing in this district that can be served at 1318 23rd St W, Williston, ND 58801, or wherever he may be found.

11. Defendant Bob Hvinden is an individual residing in this district that can be served at 3305 13th Ave. E, Williston ND 58801, or wherever he may be found.

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over the claims because Plaintiffs have asserted a claim arising under federal law and specifically the FLSA.

13. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

14. Venue is proper in the District Court of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District, and one or more of the Parties reside in this District.

### IV. COVERAGE FACTS

15. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

16. At all times hereinafter mentioned, Defendants were employers or joint employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and North Dakota Wage Law.

17. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

18. Defendants operate or have operated in interstate commerce, by among other things, dispatching labor and equipment throughout the United States, including in North Dakota, Montana and Wyoming.

## V.  FACTUAL ALLEGATIONS

19. Plaintiffs incorporate all of the allegations previously made in this Complaint. Plaintiffs bring their collective action allegations individually and on behalf of those similarly situated.

20. Defendants have been involved in oilfield casing services throughout at least Wyoming, Montana and North Dakota over the last three years. The Individual Defendants were all co-owners and/or managers of DC Power Tong, LLC. They all exerted operational control over the DC Power Tong, LLC's operations, including among other things, making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules.

21. Plaintiffs and the FLSA Class Members routinely worked in excess of 40 hours per workweek during weeks covered by this lawsuit, but were not paid in compliance with the Fair Labor Standards Act. Defendants failed to track or pay Plaintiffs or the FLSA Class Members for all hours worked during their employment and instead limited their compensation to Pipe-Laid Pay.

22. Plaintiffs and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed oilfield casing service work. Plaintiffs and the FLSA Class Members were also subjected to the same illegal pay provisions: The pay scheme that failed to pay a regular rate for all hours worked and failed to pay one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiffs in terms of job duties and pay provisions.

23. Defendants knew of the FLSA's minimum wage and overtime requirements, but chose not to pay Plaintiffs or the FLSA Class Members in compliance with the law. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs and the FLSA Class Members proper overtime compensation or hourly wages at or in excess of the federal minimum wage.

## VI.   CLASS ACTION ALLEGATIONS

24. Plaintiffs incorporate all of the allegations previously made in this Complaint.

25. Plaintiffs Jeff Cline and Matthews Simmons bring their class action on behalf of the Rule 23 Class Members.

26. The Rule 23 Class Members are so numerous that their joinder is impracticable. Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendants violated applicable State Wage Law by failing to pay the Rule 23 Class Members compensation for all hours worked, including those worked in excess of forty in an individual workweek, and at hourly rates at or in excess of the lawful minimum wage;

   b. Whether Defendants violated applicable State Wage Law by failing to incorporate Pipe-Laid Pay or other non-discretionary bonus pay to calculate overtime calculations for the Rule 23 Class Members;

   c. The proper measure of damages sustained by Rule 23 Class Members;

d. Whether Defendants should be enjoined for such violations in the future.

27. Plaintiffs' claims are typical of those of the Rule 23 Class Members. Plaintiffs and the Rule 23 Class Members (1) were responsible for performing oilfield casing services; (2) worked over 40 hours in at least one workweek in North Dakota over the last two years; (3) were not paid a regular rate for all hours worked, guaranteed lawful minimum wages or overtime for all overtime hours worked; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

28. Plaintiffs will fairly and adequately protect the Rule 23 Class Members' interests and have retained counsel experienced in complex wage and hour class action litigation.

29. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

30. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

### VII. COUNT I: FAILURE TO PAY WAGES IN

## ACCORDANCE WITH THE FAIR LABOR STANDARS ACT

31. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay and at hourly rates in excess of the lawful minimum wage for all hours worked. Defendants have acted willfully in failing to pay Plaintiffs and the FLSA Class Members in accordance with the law.

### VIII. COUNT 2: VIOLATION OF NORTH DAKOTA WAGE LAW

32. Plaintiffs and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.D. Admin. Code § 46-03-01-01. During the relevant time period, Defendants violated and continue to violate North Dakota Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked, pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay, and guarantee payment of the lawful minimum wage for all hour worked. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiffs and the Rule 23 Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under North Dakota Law.

### IX. RELIEF SOUGHT

33. WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Class Members, pray for relief against Defendants, jointly and severally, as follows in regards to their FLSA collective action claims:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

   d. For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

34. WHEREFORE, Plaintiffs individually and on behalf of the applicable Rule 23 Class Members, prays for relief against Defendants, jointly and severally, as follows in regards to his class action complaint:

   a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as Class Representatives under applicable State Wage Law, and for designation of Plaintiffs' counsel as class counsel;

   b. For Judgment that Defendants violated relevant State Wage Law by failing to pay Plaintiffs and the Rule 23 Class Members overtime compensation;

   c. For an Order awarding Plaintiffs and the applicable Rule 23 Class Members all unpaid overtime compensations, prejudgment interest and all available penalty wages under applicable State Wage Law;

   d. For all costs incurred prosecuting this claim, as allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jack Siegel*

**JACK SIEGEL***
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**J. DEREK BRAZIEL***
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER***
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
*Admitted to Practice in this Court
**ATTORNEYS FOR PLAINTIFFS**