# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| JEFF CLINE, MATTHEW SIMMONS, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>Plaintiffs,<br><br>v.<br><br>DC POWER TONG, LLC, DEREK LINGHOR, JONAS MCKENZIE, BOB HVINDEN & MICHAEL SHANE KORNKVEN,<br><br>Defendants. | Civil Action No. 1:16-cv-00301-DLH-CSM<br><br><br>**SCHEDULING/DISCOVERY PLAN** |

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the parties certify that on November 16, 2016, they conferred by telephone person to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

### Two-Phase Litigation and Discovery Plan

Because this is an FLSA collective action potentially involving dozens of potential plaintiffs, the Parties propose that the case proceed in two separate phases which will affect all of the deadline proposals sought by the Court's typical Scheduling Order:

**Phase One** is limited to the Court's consideration of Plaintiffs' Motion for Notice and Conditional Certification seeking court-approval to send notice to the other similarly situated individuals who worked for Defendants (or an Agreed Motion for Notice and Conditional Certification if the Parties can reach agreement).

**Phase Two:** If the Court grants the Motion for Notice and Conditional Certification (or if the Parties agree on the motion), an opt-in period will be established for individuals to file consents to join the action. Phase Two of the case would begin immediately after the close of any opt-in period or after the Court denies the Motion. Because the size of the case will affect all of the deadlines in the case, the Parties are ordered (1) to meet and confer within 10 days after Phase Two begins for the purpose of conducting a second Rule 16 conference which addresses the deadlines and proposals set forth in the Court's form Scheduling/Discovery Plan, and (2) to file, within 14 days of the meeting, a proposed scheduling order addressing the deadlines identified in the Court's form Scheduling/Discovery Plan

### Additional Issues

1. The parties will set a deadline for making Rule 26(a)(1) disclosures in Phase Two of the case.

2. The issues on which the parties need to conduct discovery are:

    Phase One: None

    Phase Two: The Parties will need discovery concerning the nature and extent of Plaintiffs' job duties, working hours, and compensation. Plaintiff will need discovery of Defendants' efforts to comply with the FLSA.

3. The fact discovery deadline and deadline to file discovery motions will be set in Phase Two of the case.

4. The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) in accordance with deadlines set in Phase Two of the case.

5. The deadline to complete discovery depositions of expert witnesses will be set in Phase Two of the case.

6. The deadline to move to join additional parties will be set in Phase Two of the case.

7. The deadline to move to amend pleadings to add claims or defenses will be set in Phase Two of the case.

8. The deadline to file other nondispositive motions (e.g., consolidation, bifurcation) will be set in Phase Two of the case.

9. The deadline to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations) will be set in Phase Two of the case. Discovery shall not be stayed during the pendency of such motions.

10. The deadline to file other dispositive motions (summary judgment as to all or part of the case) will be set in Phase Two of the case.

11. Any limits on the number of interrogatories will be set in Phase Two of the case.

12. Any expansion or limitation on the number of discovery depositions will be set in Phase Two of the case.

13. Depositions taken for presentation at trial shall be completed 45 days before trial, unless the Parties agree otherwise.

14. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution. The following option(s) would be appropriate in this case:

The Parties agree that mediation with a private mediator is appropriate in this case.

The deadline for the parties to be ready to evaluate the case for settlement purposes will be set in Phase Two of the case.

15. A mid-discovery status conference would be helpful in this case. An appropriate time for the conference would be will be set in Phase Two of the case.

16. The parties will not voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

17. The trial date for this case will be set in Phase Two of the case.

18. The estimated length of trial will be provided in Phase Two of the case.

Dated this 17th day of November, 2016.

By: /s/ J. Derek Braziel
**J. DEREK BRAZIEL***
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER***
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
*Admitted to Practice in this Court
**ATTORNEYS FOR PLAINTIFFS**

**JACK SIEGEL***
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

By: */s/ Joseph M. Sokolowski*
Joseph M Sokolowski (MN # 0178366)*
Ashley R. Thronson (MN #0395947)*
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Phone: (612) 492-7000
Facsimile: (612) 492-7077
jsokolowski@fredlaw.com
athronson@fredlaw.com

*Attorneys for Defendants*

*Admitted to practice in this Court

Lawrence Bender (ND Bar No. 03908)
Danielle M. Krause (ND Bar No. 06874)
**FREDRIKSON & BYRON, PA.**
1133 College Drive, Suite 1000
Bismarck, ND 58501-1215
Telephone: 701.221.8700
Facsimile: 701.221.8750
lbender@fredlaw.com
dkrause@fredlaw.com

59858770_1.docx

# ORDER

The court **ADOPTS** the parties' scheduling and discovery plan without any additions or modifications.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2016.

>                                             */s/ Charles S. Miller, Jr.*
>                                             Charles S. Miller, Jr., Magistrate Judge
>                                             United States District Court